FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   APRIL 11, 2023   \*
BROOKLYN OFFICE

Judge Allyne R. Ross
Magistrate Judge Taryn A. Merkl

DJ/HDM:PJC
F. #2022R00246

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KATHLEEN BREAULT and
KELLY MCDERMOTT,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 23-CR-158

(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants and Relevant Individuals and Entities

        1.    Sage-Femme Midwifery PLLC ("Sage-Femme") was a provider of women's health care services, including midwife services. Sage-Femme maintained offices in Albany, Sharon Springs and Saratoga, New York. Sage-Femme purported to administer COVID-19 vaccines and maintained and issued Centers for Disease Control and Prevention ("CDC") COVID-19 vaccination record cards ("COVID-19 Vaccination Cards").

        2.    The defendant KATHLEEN BREAULT was a certified nurse midwife licensed by New York State who worked at Sage-Femme.

        3.    The defendant KELLY MCDERMOTT was a certified nurse midwife licensed by New York State and the founder, owner and operator of Sage-Femme.

        4.    Co-conspirator-1, an individual whose identity is known to the Grand Jury, was a licensed practical nurse licensed by New York State who worked at Sage-Femme.

5. Individual-1, an individual whose identity is known to the Grand Jury, was a resident of the Eastern District of New York who received a forged COVID-19 Vaccination Card from Sage-Femme.

6. Individual-2, an individual whose identity is known to the Grandy Jury, received a forged COVID-19 Vaccination Card from Sage-Femme.

7. The CDC was a federal agency under the United States Department of Health and Human Services ("HHS"). The CDC was established to protect public health through the prevention of disease.

8. The New York State Department of Health ("NY DOH") was a New York State agency tasked with overseeing the health, safety and well-being of New Yorkers. NY DOH enrolled medical providers in New York State to administer COVID-19 vaccines and provided COVID-19 vaccines in accordance with CDC guidelines for vaccine administration.

II. Background

  A. The Federal COVID-19 Vaccine Program

9. On or about January 27, 2020, the Secretary of HHS declared a national public health emergency under Title 42, United States Code, Section 247d as a result of the spread of novel coronavirus COVID-19 within the United States. On or about March 13, 2020, the President of the United States issued Proclamation 9994 declaring a national emergency beginning on March 1, 2020, as a result of the rapid spread of COVID-19. Since then, COVID-19 has killed more than one million Americans.

10. As part of the response to the COVID-19 pandemic, the federal government provided funding to pharmaceutical and biotechnology companies capable of developing a vaccine for COVID-19. The United States Food and Drug Administration

approved the Pfizer COVID-19 vaccine for emergency use on or about December 11, 2020, the Moderna COVID-19 vaccine for emergency use on or about December 18, 2020, and the Janssen COVID-19 vaccine, also referred to as "J&J," for emergency use on or about February 27, 2021. Thereafter, the CDC prepared for widespread administration of the COVID-19 vaccines, including at pharmacies, state-run vaccination sites and medical clinics.

11. The government also contracted with various companies to (a) print COVID-19 Vaccination Cards according to CDC specifications, including a requirement that the cards include a space to record the dates of administration of the vaccine doses, and (b) distribute the cards as part of vaccine ancillary kits sent to each vaccine distribution location. The CDC and HHS also developed rules and protocols for the entities that would administer the COVID-19 vaccine at locations around the country.

12. All COVID-19 vaccination providers were required to give patients who had received a COVID-19 vaccine a COVID-19 Vaccination Card. These COVID-19 Vaccination Cards listed the name and date of birth of the patient, name of the manufacturer of the COVID-19 vaccine that the patient received, the date the patient received it, the lot number of the vaccine dose and the location where each dose was administered.

B. <u>New York Immunization Database</u>

13. NY DOH maintained a record of immunizations in the New York State Immunization Information System ("NYSIIS"). The purpose of the NYSIIS was to promote public health by securely maintaining immunization records and making them easily accessible.

Health care providers in New York State were responsible for entering complete and accurate COVID-19 vaccination data into the NYSIIS within 24 hours of vaccine administration.

14. In or about April 2021, New York State established the Excelsior Pass. Using patient data recorded in immunization databases, an Excelsior Pass stored and displayed a user's vaccination status via a QR code. The pass was intended to be shown at participating businesses and venues, which relied on the QR code as proof of vaccination.

15. Proof of vaccination, as reflected in a COVID-19 Vaccination Card or Excelsior Pass, was required to travel to certain locations and attend certain events where large numbers of people congregate, such as sporting events, concerts, restaurants and bars. In addition, some employers and government agencies required employees to receive a COVID-19 vaccination and some foreign countries required proof of COVID-19 vaccination for entry. Proof of vaccination requirements were intended to limit the spread of COVID-19 and maximize the safety of the community.

III. The COVID-19 Vaccination Card Fraud Scheme

16. From approximately June 2021 to March 2022, the defendants KATHLEEN BREAULT and KELLY MCDERMOTT, together with others, engaged in a scheme to fraudulently obstruct the government's administration and distribution of COVID-19 vaccines. BREAULT, MCDERMOTT and their co-conspirators executed the scheme by enrolling with NY DOH to provide COVID-19 vaccines in order to obtain genuine COVID-19 Vaccination Cards and forging the COVID-19 Vaccination Cards to indicate that unvaccinated persons had received COVID-19 vaccines.

17. In furtherance of the scheme and to facilitate creating false entries in the NYSIIS and the issuance of forged COVID-19 Vaccination Cards, the defendant KELLY

4

MCDERMOTT and Co-conspirator-1 submitted enrollment paperwork to the NY DOH that listed MCDERMOTT as Sage-Femme's "primary COVID-19 vaccine coordinator" and listed Co-conspirator-1 as Sage-Femme's "back-up COVID-19 vaccine coordinator." On or about June 1, 2021, MCDERMOTT signed a memorandum of understanding with the NY DOH, falsely and fraudulently agreeing to comply with all New York State and federal law governing vaccine administration and further agreeing to abide by all NY DOH guidelines regarding the administration of the COVID-19 vaccine.

18. The defendant KELLY MCDERMOTT enrolled Sage-Femme with NY DOH as a COVID-19 vaccine administrator to obstruct HHS and CDC's efforts to ensure accurate proof of vaccination by obtaining proof of COVID-19 vaccination without being vaccinated, and to provide this opportunity to Sage-Femme patients. MCDERMOTT's name was fraudulently entered into NYSIIS on the first date that Sage-Femme began reporting vaccine administrations.

19. The defendants KATHLEEN BREAULT and KELLY MCDERMOTT and their co-conspirators solicited individuals, including individuals residing in the Eastern District of New York, to attend appointments at Sage-Femme to receive false and fraudulent documentation of having received a COVID-19 vaccine. MCDERMOTT referred individuals to Co-conspirator-1 rather than provide fake COVID-19 Vaccination Cards herself.

20. The defendant KATHLEEN BREAULT and Co-conspirator-1 concealed and disguised the scheme by separately holding purported vaccination clinic days at Sage-Femme. When individuals visited Sage-Femme for a COVID-19 vaccine, BREAULT and Co-conspirator-1 met with the individuals but did not in fact administer the COVID-19 vaccine. Instead, BREAULT and Co-conspirator-1: (a) destroyed vials of COVID-19 vaccines that were

intended to be used to vaccinate patients; (b) forged, and provided forged, COVID-19 Vaccination Cards to individuals that made it falsely appear that these individuals had received a dose of vaccine that had, in fact, been destroyed; and (c) made entries in the NYSIIS falsely and fraudulently indicating that these individuals had been vaccinated. These steps allowed individuals to falsely present themselves as vaccinated, obstructing HHS and CDC's efforts to vaccinate the public and ensure accurate proof of vaccination.

21. Individuals who received forged COVID-19 Vaccination Cards sometimes provided a cash donation to Sage-Femme in exchange for forged COVID-19 Vaccination Cards. Donated cash was collected by Co-conspirator-1, the defendant KATHLEEN BREAULT, and other co-conspirators and provided to the defendant KELLY MCDERMOTT.

22. From approximately June 2021 to March 2022, the defendants KATHLEEN BREAULT and KELLY MCDERMOTT and their co-conspirators, through the COVID-19 Vaccination Card Fraud Scheme, distributed forged COVID-19 Vaccination Cards and created more than 2,600 false entries in the NYSIIS, including for individuals who resided in Brooklyn and Staten Island, New York, thereby negatively impacting COVID-19 vaccine distribution and public health in the Eastern District of New York.

23. Based on NYSIIS records, Sage-Femme reported the highest number of COVID-19 vaccine administrations in New York State, outpacing large, New York State-run vaccination sites. Additionally, the NYSIIS records indicated that Sage-Femme purportedly provided COVID-19 vaccines to dozens of minors who were not eligible for the vaccine, and to Canadian citizens who lacked the immigration documents necessary to enter the United States.

## CONSPIRACY TO DEFRAUD THE UNITED STATES

24. The allegations contained in paragraphs one through 23 are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between June 2021 and March 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KATHLEEN BREAULT and KELLY MCDERMOTT, together with others, did knowingly and willfully conspire to impede, impair, obstruct and defeat the lawful government functions of HHS and the CDC, departments and agencies of the United States, in the administration and distribution of COVID-19 vaccines and COVID-19 Vaccination Cards.

26. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants did commit and cause the commission of, among others, the following:

### OVERT ACTS

(a) On or about May 25, 2021, MCDERMOTT and Co-conspirator-1 submitted a CDC COVID-19 Vaccination Program Provider Agreement listing MCDERMOTT as Sage-Femme's primary COVID-19 vaccine coordinator and listing Co-conspirator-1 as Sage-Femme's back-up COVID-19 vaccine coordinator.

(b) On or about December 29, 2021, Co-conspirator-1 provided a COVID-19 Vaccination Card via interstate mail to Individual-1 in the Eastern District of New York even though Individual-1 had not received the COVID-19 vaccine.

(c) On or about February 18, 2022, BREAULT provided a COVID-19 Vaccination Card to Individual-2 even though Individual-2 had not received the COVID-19 vaccine.

  (d)  In or after June 2021, Co-Conspirator-1 provided a COVID-19 Vaccination Card to BREAULT even though BREAULT had not received the COVID-19 vaccine.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

  27.  The United States hereby gives notice to the defendants that, upon their conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

  28.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Mary Beth Glickman*
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*Glenn Leon / PJC*
_____
GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F. #2021R01019

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

KATHLEEN BREAULT and KELLY MCDERMOTT

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____*Mary Beth Glickman*_____

Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____

Clerk

Bail, $ _____

*Patrick J. Campbell, DOJ Trial Attorney (718) 254-6366*